UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

```
CASSINA S.p.A.,                       :
        Plaintiff,                    :
                                      :
        v.                            :    File No. 1:06-CV-136
                                      :
T. COPELAND AND SONS, INC.,           :
        Defendant.                    :
_____:
```

RULING ON PENDING MOTIONS
(Papers 16 and 26)

As Cassina S.p.A. ("Cassina") and T. Copeland and Sons, Inc. ("Copeland") agree, a key issue in this furniture manufacturer dispute is whether the licensing agreement between Cassina and The Frank Lloyd Wright Foundation (the "Foundation") is still "in full force and effect."  (Paper 1 at ¶13).  This same key issue is at the heart of a five-count complaint in Arizona federal court; a case that, unlike here, involves both signatories to the licensing agreement - the Foundation and Cassina.  See Frank Lloyd Wright Foundation v. Cassina S.p.A., File No. 2:06-CV-1797 (D. Ariz.).[1]

Because of this parallel litigation, Copeland requests dismissal without prejudice or a stay in this case.  (Paper 16). This Court agrees the interests of justice and judicial economy

---

[1] There, the Foundation asserts, among other things, that Cassina has been unlawfully holding itself out as a licensee despite that the Foundation has terminated the license and demanded that Cassina cease its unlawful conduct.

1

mandate dismissal because the current validity of the licensing agreement between Cassina and the Foundation is best resolved in the case involving them, i.e., the Arizona action.  Even assuming the first-to-file rule applies, giving priority to the suit first filed (this case) is subject to an applicable exception that looks to other special circumstances that would make granting priority to the suit filed second (the Arizona action) more appropriate.  See Cuyahoga Equip. Corp. v. United States, 980 F.2d 110, 117 (2d Cir. 1992).

The Court also notes that after the November 20, 2006 status conference, during which the Court indicated its inclination to grant Copeland's motion, Cassina filed a motion to transfer this case to the District of Arizona pursuant to 28 U.S.C. § 1404(a). (Paper 26).  Cassina requests transfer because the Arizona action "may take years," which would thwart Cassina's desire to seek preliminary injunctive relief against Copeland.  (Paper 26 at 2). But in the same breath, Cassina claims it appears "beyond doubt that Copeland is subject to the jurisdiction of the courts in Arizona."  (Paper 26 at 4).  If true, nothing in this ruling prevents Cassina from proceeding in Arizona against Copeland. Moreover, Cassina's recent plea has a somewhat hollow ring for at least two reasons: (1) despite knowing as early as March 15, 2006 that Copeland was claiming to be the Foundation's exclusive licensee, this case was not filed until almost four months later,

and to date, no motion for preliminary injunction has been filed, see Gidatex, S.R.L. v. Campaniello Imports, Ltd., 13 F. Supp. 2d 417, 419 (S.D.N.Y. 1998) ("courts typically decline to grant preliminary injunctions in the face of unexplained delays of more than two months"); and (2) in July of 2006, Cassina told this Court that in order to be effective, any preliminary injunction would have to be issued by the end of the 2006 summer; a time that, in glancing at the thermometer in Vermont (not Arizona), has long since come and gone.  (Paper 4 at 4).

Accordingly, the Court rules as follows:

1. Copeland's motion to dismiss (Paper 16) is hereby GRANTED to the extent it seeks to have this case dismissed without prejudice; its alternative motion to stay the proceedings is moot;

2. Cassina's motion to transfer (Paper 26) is hereby DENIED; and

3. This case is DISMISSED without prejudice.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 27th day November, 2006.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge